UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:06-cr-4-FtM-99SPC

JIMMY LOUISUIS

_____

### OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation (Doc. #84) filed by United States Magistrate Judge Sheri Polster Chappell. The Report and Recommendation recommended that Defendant's Motion to Suppress Evidence (Doc. #57) be denied. Both defendant and the United States filed Objections to the Report and Recommendation. (Docs. #85, 86.) The undersigned re-opened the suppression hearing as to the issue of defendant's "standing," and heard testimony from defendant and argument of counsel on August 1, 2006.

Defendant Jimmy Louisuis' Motion to Suppress Evidence (Doc. #57) asserts that the entry by law enforcement officers into the premises at 2615 Andrew Drive, Naples, Florida was unlawful, and therefore any evidence seized as a result must be suppressed. The officers entered the residence to arrest defendant Elex Pierre, pursuant to two arrest warrants. Once inside the residence, the officers secured not only Elex Pierre but also Jimmy Louisuis. The

motion asserts that the absence of a search warrant to enter the house to look for Elex Pierre rendered the entry unlawful under Payton v. New York, 445 U.S. 573 (1980) and its progeny.

## I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The government asserts that defendant lacks a reasonable expectation of privacy as to 2615 Andrew Lane, and therefore cannot challenge the entry and search of that location. The government's objection based upon the magistrate judge's failure to have

evidence of standing, as opposed to allegations in a document filed by counsel, has been rendered moot by the hearing held on August 1, 2006.

At the re-opened suppression hearing, defendant testified that his permanent residence was in Immokalee, Florida; that he slept at 2615 Andrew Drive on the nights of August 29 and August 30, 2005; that he had been given permission from David Delli, who was renting the house, to spend the nights in the house; that he had a key to the house; that no one else was in the house those nights; that he spent the nights there in order to meet with his Naples attorney on August 29 regarding a payment plan and then meet with his attorney and attend a court hearing on August 30; that he had spent the night at the house from time to time on prior occasions, such as when he needed to attend court or go to the labor pool; and that some of his belongings and personal hygiene materials were left in the house.  No evidence to the contrary was presented, although the government questioned defendant's general credibility.

It is clear that "a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that _his_ Fourth Amendment rights were violated by the challenged search or seizure."  United States v. Padilla, 508 U.S. 77, 81 (1993)(emphasis in original).  The Court finds defendant's testimony credible enough to establish that he had a reasonable expectation of privacy in 2615 Andrew Drive on

August 31, 2005, when entry was made by law enforcement officers. Minnesota v. Olson, 495 U.S. 91, 98-99 (1990).

### III.

The Report and Recommendation found the warrantless entry was justified by the exigent circumstances exception to the warrant requirement.  The government objects to the failure of the Report and Recommendation to also uphold the warrantless entry on an additional ground.  The government asserts that in addition to the exigent circumstances exception, entry into the house was permissible because the law enforcement officers had a reasonable belief that the house was the dwelling of Elex Pierre (Pierre) and that Pierre was inside the dwelling at the time of the entry. Since the officers had valid arrest warrants for Pierre, the government contends their entry into the dwelling was lawful under Payton v. New York, 445 U.S. 573 (1980) and its progeny.

"As Payton makes plain, police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." Kirk v. Louisiana, 536 U.S. 635, 638 (2002).[1]  "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton, 445 U.S. at

---

[1]Voluntary consent would also justify entry, Illinois v. Rodriquez, 497 U.S. 177, 181 (1990), but the government does not contend that consent applies in this case.

603.  This requires a two-part showing: The government must show[2] (1) a reasonable belief that the location to be searched is the suspect's dwelling, and (2) reason to believe that the suspect is within the dwelling.  United States v. Bervaldi, 226 F.3d 1256, 1262-64 (11th Cir. 2000); United States v. Magluta, 44 F.3d 1530, 1533 (11th Cir. 1995), cert. denied, 516 U.S. 869 (1995).  This requires an evaluation of the totality of the facts and circumstances within the knowledge of the law enforcement agents, with an appropriate dose of common sense.  Bervaldi, 226 F.3d at 1263.

The difficulty with the government's argument is that the evidence is undisputed that the Andrews Drive house was not Pierre's dwelling at the time of the entry, and had not been previously.  The testimony was that the house was owned by Lewis Butterfield and rented to David Delli.  No matter how reasonable the officers' belief that it was Pierre's dwelling and he was inside, a search warrant was necessary to enter the house of a third party.  Steagald v. United States, 451 U.S. 204 (1981); O'Rourke v. Hayes, 378 F.3d 1201, 1209 (11th Cir. 2004).  As Steagald noted, "This analysis [Payton], however, is plainly inapplicable when the police seek to use an arrest warrant as legal authority to enter the home of a third party to conduct a search."

---

[2]"The burden of proving an exception to the [search] warrant requirement rests with the government."  United States v. McGough, 412 F.3d 1232, 1237 n.4 (11th Cir. 2005).

Steagald, 451 U.S. at 214 n.7.   Accordingly, the entry into the Andrews Drive house was not authorized under Payton.

### IV.

The government's final argument is that entry was justified by the exigent circumstances exception to the warrant requirement. The Report and Recommendation agreed with this argument, to which defendant has filed objections.

One of the exceptions to the warrant requirement under the Fourth Amendment is where the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search or seizure is objectively reasonable.   Brigham City, Utah v. Stuart, 126 S. Ct. 1943, 1947 (2006).   A warrantless entry into a house is permitted only where the government establishes that both probable cause and exigent circumstances exist.   Kirk, 536 U.S. at 638 (citing Payton); see also United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991)(en banc), cert. denied, 502 U.S. 907 (1991).   "The exception encompasses several common situations where resort to a magistrate for a search warrant is not feasible or advisable, including: danger of flight or escape, loss or destruction of evidence, risk of harm to the public or the police, mobility of a vehicle, and hot pursuit."   United States v. Holloway, 290 F.3d 1331, 1334 (11th Cir. 2002)(citations omitted).

The Court has read the transcript of the suppression hearing before the magistrate judge and all papers filed by the parties.

-6-

The Court adopts the Report and Recommendation with respect to the exigent circumstances and probable cause analysis and factual findings.  Accordingly, the Motion to Suppress Evidence is denied.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #84) is adopted in its entirety, as supplemented herein.

2.  The objection filed by the government concerning defendant's reasonable expectation of privacy is **moot** in light of the evidentiary hearing of August 1, 2006; the objection filed by the government concerning an alternative ground to uphold the entry is **moot** in light of the undersigned's consideration of this ground; defendant's objections as to the exigent circumstances exception are **overruled.**

3.  Defendant's Motion to Suppress Evidence (Doc. #57) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of August, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Magistrate Judge
Counsel of Record

DCCD